HLD-194    (August 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 10-3026
_____

IN RE:   TREVOR DORSETT,
                                                            Petitioner
_____

On Petition for a Writ of Mandamus from the
United States District Court for the
District of the Virgin Islands
(Related to D. V.I. Crim. No. 06-cr-00029)
_____

Submitted Under Rule 21, Fed. R. App. P.
August 31, 2010
Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Filed: October 13, 2010)
_____

OPINION
_____

PER CURIAM.

Pro se petitioner, Trevor Dorsett, seeks a writ of mandamus compelling the

United States District Court for the District of the Virgin Islands to rule upon a motion he

filed wherein he seeks to have his sentence corrected to eliminate what he considers to be

an invalid two point enhancement.   Finding no basis for granting mandamus relief, we

will deny the petition.

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3rd Cir. 1996), the manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983).

The District Court docket reflects that Dorsett's motion to correct his sentence was filed on March 9, 2010. That motion has been referred to a Magistrate Judge, as has Dorsett's recently filed motion seeking an expeditious ruling. We cannot say that the delay Dorsett has experienced thus far (e.g., a little over five months) is tantamount to the District Court's failure to exercise its jurisdiction or that he has suffered substantial prejudice. We are confident that the District Court will take action on Dorsett's motion in the near future.

Accordingly, we will deny the petition for a writ of mandamus. This denial is, of course, without prejudice to Dorsett's right to seek mandamus relief if the District Court does not act on his motion within a reasonable time.